■    BENJAMIN TRAVITSKY, Appellant, v OYSTERMAN'S DOCK COMPANY, LTD., et al., Respondents.—In an action, *inter alia,* for restitution of moneys paid at a Sheriff's sale, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered August 5, 1977, which dismissed the complaint at the close of the plaintiff's case, at a nonjury trial. Judgment modified, on the law, by adding to the decretal paragraph thereof, immediately following the word "dismissed", the following: "except as to the causes of action for restitution, i.e., the second and third causes of action in the amended complaint, as against defendants Manuel Pereira, Jr., Manuel Pereira, Sr. and Arthur Pereira, d/b/a Manuel Pereira & Sons." As so modified, judgment affirmed, without costs or disbursements, and action as against defendants Pereira severed and remanded to Special Term for a new trial. Pereira & Sons performed work, labor and services upon the bucket of a large industrial crane in the possession of the Lizza Asphalt Construction Co., Inc., which company is not a party to this action. Not being paid, the Pereiras commenced an action against Lizza Asphalt for $2,400 in Nassau County District Court, and obtained a default judgment. The Pereiras chose to enforce that judgment by directing the Sheriff to levy on the crane, the subject matter of the litigation, and to sell it at public auction (see CPLR 5233). At the auction, held December 10, 1975, plaintiff-appellant appeared and submitted the highest bid of $1,000. After receiving a bill of sale from the Sheriff, plaintiff attempted to remove the crane but was prevented from doing so by agents of defendant Lizza & Sons, Inc. They asserted that the crane, originally worth $75,000, was owned by Lizza & Sons, Inc., an independent corporate entity, and that Lizza Asphalt Construction Co., Inc., had no right, title or interest which could be sold at a public auction. Plaintiff commenced the instant action for replevin of the crane or, in the alternative, for restitution. It became apparent at the trial that the judgment debtor, Lizza Asphalt Construction Co., Inc., had no right, title or interest in the crane, notwithstanding the fact that it was in its possession. The proof established, rather, that the crane had been purchased by Lizza & Sons, Inc., in 1956 for $75,000. Accordingly, the trial court granted the motion to dismiss the complaint at the close of the plaintiff's case, adding that the plaintiff's failure to name the Sheriff as a party defendant was fatal to the restitution causes of action. We do not agree. It is clear that CPLR 5233 contemplates a sale of personal property only where the judgment debtor has *some* right, title or interest in the property, no matter how small (see 6 Weinstein-Korn-Miller, NY Civ Prac, par 5233.01, pp 52-597). Indeed, if that essential element is lacking, the sale is totally null and void and the

purchaser is entitled to restitution of the purchase money paid to the judgment creditor pursuant to CPLR 5237 (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5237:1, p 438). Hence, plaintiff established a prima facie case for statutory restitution as against the judgment creditor. The fact that the Sheriff was not named as a party defendant is not fatal to the causes of action for restitution, inasmuch as the Sheriff was merely an agent of the judgment creditor, the real party in interest and a party to this action. Since the action was dismissed before the judgment-creditor-defendant had an opportunity to present any defense, a new trial is warranted. Latham, J. P., Damiani, Titone and Suozzi, JJ., concur.